```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


EMILY KELLOGG et al.,              :
                                   :
     Plaintiffs,                   :
                                   :
     v.                            :    CASE NO. 3:11CV733(RNC)
                                   :
J.C. PENNEY CORP., INC et          :
al.,                               :
                                   :
     Defendants.                   :
```

RULING OF SANCTIONS

Pending before the court is defendants' Second Motion for Involuntary Dismissal, doc. #36.  District Judge Robert N. Chatigny referred the motion to the undersigned for a ruling. (Doc. #41.)  As set forth below, the motion is denied as to dismissal but granted as to monetary sanctions.

A.  Procedural History

In April 2011, plaintiff Emily Kellogg brought this premises liability action in state court alleging injury suffered as the result of a slip-and-fall in a J.C. Penney store in Waterbury.[1]  In May 2011, defendants removed the action to this court.  (Doc. #1.)  In August 2011, Judge Chatigny ordered the parties to complete discovery by February 3, 2012.  (Doc. #15.)

---

[1] At oral argument, plaintiffs' counsel represented that Richard Kellogg, the second plaintiff, will file a voluntary dismissal of his bystander emotional distress claim.

At their Rule 26(f) conference, counsel agreed that they would respond to one another's discovery requests by October 3, 2011.  Plaintiff did not do so.  On December 5, 2012, two days before her scheduled deposition, plaintiff answered interrogatories, produced emergency room records and indicated that physical therapy and primary care records would be forthcoming.  Unable to prepare fully for the deposition, defendants' counsel was forced to cancel it.

On December 7, 2011, defendants filed a motion to compel discovery.  (Doc. #17.)  The plaintiff filed no objection or response of any kind.  Magistrate Judge Martinez granted the motion and ordered plaintiff to supplement her discovery by March 22, 2012.  (Doc. #19.)  Plaintiff did not comply.

On March 23, 2012, defendants filed their first Rule 37 motion to dismiss.  (Doc. #20.)  Plaintiff waited until August 24, 2012 to file an opposition to the motion.[2]  (Docs. #25, #26.)  In that opposition, she represented that she would produce the missing discovery by the end of August 2012.  (Doc. #25 at 2.)  She did not.  On October 3, 2012, Judge Martinez heard oral argument on the motion to dismiss.  Plaintiff's counsel represented that noncompliance with discovery orders was the fault of a former associate, and she assured the court that she

---

[2]Plaintiff's counsel said she did not know that the motion had been filed (although she approved a March 30, 2012 status report that mentioned the pendency of the motion).

2

would give the case top priority.  Deciding against involuntary dismissal, the court ordered plaintiff to produce certain supplemental discovery, addressed other "housekeeping" matters and amended the case deadlines.  (Doc. #31.)  Plaintiff did not timely comply with the amended discovery deadlines.

On November 5, 2012, defendants filed the pending Rule 37 Motion to Dismiss representing that plaintiff again failed to comply with discovery deadlines.  (Doc. #36.)  Plaintiff did not respond.  On December 20, 2012, Judge Martinez heard oral argument on the motion.  Just prior to the hearing, plaintiff produced authorizations to release her medical records. Plaintiff's counsel argued that the failure to mail timely discovery responses was attributable in part to the firm's clerical staff and also to some extenuating personal circumstances[3] that had lasted for some time and affected the handling of the case.

B.  Discussion

A district court may sanction a party who fails to comply with a discovery order of that court, including dismissing the action in whole or in part.  See Fed. R. Civ. P. 37(b)(2)(A)(v). Disciplinary sanctions under Rule 37 are intended to "ensure that a party will not benefit from its own failure to comply,"

---

[3]Plaintiff's counsel provided the court with a more thorough description at the hearing.

3

to obtain specific compliance and "to serve a general deterrent effect on the case at hand and on other litigation." Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 149 (2d Cir. 2010). In exercising its discretion to impose Rule 37 sanctions, the court is guided by the following factors: (1) the willfulness of the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party was warned that further noncompliance could result in sanctions. Id. at 144.

Dismissal under Rule 37 may be justified by a showing of "willfulness, bad faith, or fault on the part of the sanctioned party," including "gross negligence" in following discovery orders. Southern New England Telephone Co. v. Global NAPs, Inc., 251 F.R.D. 82, 90 (D. Conn. 2008), aff'd, 624 F.3d 123 (2d Cir. 2010). "While a showing of prejudice to the moving party is not a requirement for a dismissal under Rule 37, a court may consider it in weighing the appropriateness of the sanction." Id. Dismissal is a "'drastic remedy' generally to be used only when the court has considered lesser alternatives." Southern New England Telephone Co., 624 F.3d at 144. Nevertheless, "discovery orders are meant to be followed" and "'a party who flouts such orders does so at his peril.'" Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir. 1995).

4

Counsel for the plaintiff has argued on separate occasions that the noncompliance was the fault of a former associate and the firm's clerical staff.  As the court articulated in October, the alleged failings of their subordinates do not absolve counsel of record of their obligation to observe and comply with court orders, nor do they justify the continued disregard for discovery orders, particularly in light of counsel's assurances to this court in October that the case would be a top priority.  At the December hearing, counsel disclosed some mitigating personal circumstances that contributed to the noncompliance but, to his credit, took ultimate responsibility and conceded that counsel, and not plaintiff, should bear the brunt of any sanction.

Under the present circumstances, dismissal is not warranted.  Although plaintiff's noncompliance with discovery orders has been protracted and continued after counsel was warned that further noncompliance might result in sanctions, it does not appear that either plaintiff or her counsel acted willfully or in bad faith.  Plaintiff and her counsel are now well aware of the precarious position in which their noncompliance with court orders has placed the case.  Lesser sanctions should be sufficient to secure the just, speedy and inexpensive determination of this action.  <u>See</u> Fed. R. Civ. P. 1.

C. <u>Order</u>

In light of the foregoing, plaintiff's counsel shall pay the defendants' reasonable expenses incurred in making the Doc. #36 motion, including attorney's fees.  Fed. R. Civ. P. 37(b)(2)(C).  Counsel are encouraged to confer and agree on the appropriate amount of fees to be imposed.

On or before **February 4, 2013**, plaintiff's counsel shall serve all relevant medical records and/or proper medical releases, the alleged photos of the scene of the incident, a thorough and precise damages analysis, and reports of any plaintiff's expert.  All other deadlines remain in effect. **Plaintiff is cautioned that further noncompliance with any court order may result in dismissal of her case with prejudice**.  Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b); <u>Agiwal v. Mid Island Mortg. Corp.</u>, 555 F.3d 298, 302 (2d Cir. 2009).

The clerk of the court shall mail a copy of this ruling to plaintiff Emily Kellogg at 111 Dekoven Drive, Unit 907, Middletown, CT 06457.

SO ORDERED at Hartford, Connecticut this 25th day of January, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge